IN THE CIRCUIT COURT OF THE 5TH JUDICIAL
CIRCUIT IN AND FOR MARION COUNTY, FLORIDA

MARINA LAWS, individually, and
JANICE BOWKER, her wife,

            CASE NO:

  Plaintiffs,

vs.

WAL-MART STORES EAST, LP,
d/b/a OCALA SUPERCENTER
#697, a foreign profit corporation,
and KEVIN DOE, an individual,

  Defendants.

_____/

## COMPLAINT

   Plaintiffs, MARINA LAWS, individually, and JANICE BOWKER, her wife, by and
through their undersigned counsel, sues the Defendants, WAL-MART STORES EAST,
LP, d/b/a OCALA SUPERCENTER #697 and KEVIN DOE and allege as follows:

## GENERAL ALLEGATIONS

   1)  This is an action for damages that exceed Thirty Thousand Dollars
($30,000.00) exclusive of costs, interest and attorney's fees.

   2)  At all times material hereto, the Plaintiffs were sui juris, married and
residents of Marion County, Florida.

   3)  At all times material hereto, Defendant, WAL-MART STORES EAST, LP,
was the owner or lessee of and in possession of 2600 SW 19th Avenue Road in Ocala,
Marion County, Florida generally known as OCALA SUPERCENTER #697, and said
business is that of a retail store, open to the general public, including the Plaintiff.

   4)  WAL-MART STORES EAST, LP, d/b/a OCALA SUPERCENTER #697

1

Electronically Filed Marion County Case # 21CA000843AX 05/06/2021 04:52:34 PM

(hereinafter "WAL-MART"), was a foreign profit corporation and was and is conducting business in Marion County, Florida.

5)   Upon information and belief, at all times material hereto, Defendant, KEVIN DOE, was sui juris and a resident of Marion County, Florida.

6)   Upon information and belief, at all times material hereto, Defendant, KEVIN DOE, was employed as an associate of WAL-MART, and was acting within the course and scope of his employment with WAL-MART.

7)   On October 26, 2018, Plaintiff, MARINA LAWS, was a business invitee legally on the premises at WAL-MART to pick up an online order.

8)   At that time and place, a WAL-MART employee, upon information and belief with the first name of "Kevin" and hereinafter referred to as KEVIN DOE, was assisting the Plaintiff, MARINA LAWS, to pick up her online order.

9)   As Plaintiff, MARINA LAWS, followed Defendant, KEVIN DOE, through the store, she slipped in liquid on the floor in the vicinity of register seven.   Plaintiff, MARINA LAWS' right foot slipped forward, her left leg buckled underneath her, she violently fell backwards onto her buttocks and her right arm struck a display unit on her way down.

**COUNT I**
**NEGLIGENCE AGAINST WAL-MART**

Plaintiff, MARINA LAWS, re-adopts, re-alleges and incorporates herein paragraphs 1 through 9 as if fully set forth herein and further alleges as follows:

10)   At all times material hereto, Defendant, WAL-MART, by and through its employees, agents and/or servants, had a duty to inspect its premises for potential hazards.

2

11)   At all times material hereto, the Defendant, WAL-MART, by and through its employees, agents, and/or servants, including KEVIN DOE, owed the following duties of care to the Plaintiff:

   a. To maintain the premises in a safe condition;

   b. To correct dangerous conditions in the premises;

   c. To warn of dangerous conditions in the premises;

   d. To not create dangerous conditions in the premises;

   e. To utilize a mode of operation in said business so as not to create or allow dangerous conditions in the premises.

12)   The dangerous condition, ie: a wet floor and/or slippery floor was:

   a. Known to the Defendants, or

   b. Existed for a sufficient period of time so that the Defendants, through the exercise of ordinary care, should have known of the dangerous condition, or

   c. The condition occurred with regularity and was therefore, foreseeable, or

   d. Was the result of a negligent mode of operation and

   e. The Defendant's should have either eliminated the dangerous conditions or warned the Plaintiff of its existence.

13)   WAL-MART, by and through its employees, agents and/or servants, was negligent by allowing dangerous and/or hazardous condition(s) to exist in its store for a sufficient length of time, or in the alternative created a dangerous and/or hazardous condition(s) as stated in one or more of the following ways:

   a. By negligently allowing a dangerous condition to remain on the premises

where customers generally traversed;

b. By failing to warn of the danger;

c. By failing to properly maintain the premises;

d. By failing to inspect the premises for dangers;

e. By failing to cordon off the area where the danger existed;

f. By the negligent and/or improper training of one or more employee(s);

g. By the negligent and/or improper hiring or retention of one or more employee(s);

h. To allow and/or cause pooling of liquid on the floor where this accident occurred;

i. By failing to clean up a known puddle of liquid or otherwise contain it;

j. By one or more employees, agents and/or servants failing to adhere to policies and procedures regarding maintenance, or in the alternative, failure to promulgate adequate maintenance procedures for pedestrian areas;

k. By one of its employees leading the Plaintiff through an area that had liquid on the floor; and/or

l. Other acts and/or omissions yet unknown.

14)    As a direct and proximate result of the negligence of Defendant, WAL-MART, Plaintiff, MARINA LAWS, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, significant and permanent scarring, loss of the capacity for enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, enhanced medical insurance costs, loss of earnings, loss of the ability

4

to earn money and/or aggravation or activation of a previously existing condition. All of these losses are either permanent or continuing in nature and the Plaintiff will continue to suffer these losses into the future.

## COUNT II
## NEGLIGENCE AGAINST KEVIN DOE

Plaintiffs re-allege all allegations contained in paragraphs 1 through 14 above as if fully set forth herein and further allege as follows:

15)     At all times material hereto, the Defendant, KEVIN DOE, as a WAL-MART employee, owed a duty of care to the Plaintiff, MARINA LAWS, to exercise reasonable care in the care and/or maintenance of the store, and a further duty to warn the Plaintiff, MARINA LAWS, of any dangerous and/or hazardous conditions which may have existed that the Plaintiff, and other invitees might traverse across the area without unreasonable risk of danger.

16)     Defendant, KEVIN DOE, was negligent in one or more of the following ways:

    a.  By negligently allowing a dangerous condition to remain on the premises where customers generally traversed;

    b.  By failing to warn of the danger;

    c.  By failing to properly maintain the premises;

    d.  By failing to inspect the premises for dangers;

    e.  By failing to cordon off the area where the danger existed;

    f.  To allow and/or cause pooling of liquid on the floor where this accident occurred;

     g. By leading the Plaintiff through or near a pool of liquid on the floor; and/or

     h. Other acts and/or omissions yet unknown.

17) As a direct and proximate result of the negligence of Defendant, KEVIN DOE, Plaintiff, MARINA LAWS, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, significant and permanent scarring, loss of the capacity for enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, enhanced medical insurance costs, loss of earnings, loss of the ability to earn money and/or aggravation or activation of a previously existing condition. All of these losses are either permanent or continuing in nature and the Plaintiff will continue to suffer these losses into the future.

## COUNT III
## LOSS OF CONSORTIUM CLAIM OF JANICE BOWKER

Plaintiff, JANICE BOWKER, adopts, alleges and incorporates herein paragraphs 1 through 17 as if fully set forth herein and further alleges as follows:

18) As a further direct and proximate result of the foregoing negligence, Plaintiff, JANICE BOWKER, has incurred medical and hospital expenses for the treatment and care of her wife, MARINA LAWS, and has in the past, and will in the future, suffer the loss of her wife's services, companionship and consortium. At all times material hereto, Defendant, WAL-MART, by and through its employees, agents and/or servants, had a duty to inspect its premises for potential hazards.

**WHEREFORE,** Plaintiffs, MARINA LAWS and JANICE BOWKER, her wife, demand judgment against the Defendants, WAL-MART and KEVIN DOE, for damages and any such further relief this Court deems just and proper.

6

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

/s/ *Marianne Howanitz, Esquire*
MARIANNE HOWANITZ, PA
Florida Bar No. 936014
2042 E. Silver Springs Blvd
Ocala, FL  34470
Telephone:   (352) 512-0444
Fax:   (352) 433-4079
Primary e-mail:
MH@ocalaaccidentlaw.com
Secondary e-mail:
Dawn@ocalaaccidentlaw.com

